

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-15-00141-CV
_____

JOSEPH E. MCCLAIN III, APPELLANT

V.

DELL INC., SEATON CORP. D/B/A/ STAFF MANAGEMENT, APPELLEES

On Appeal from the 200th District Court
Travis County, Texas
Trial Court No. D-1-GN-14-005063; Honorable Darlene Byrne, Presiding

May 19, 2015

ORDER

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Joseph E. McClain III, proceeding *pro se* and *in forma pauperis*, has filed suit against Appellee, Dell Inc. four times over the same dispute.[1] The first suit resulted in summary judgment in favor of Dell on August 1, 2012. Litigation in a second lawsuit resulted in the trial court granting Dell's motion to dismiss with prejudice on May

---

[1] From the clerk's record, we discern that the underlying suits arose from a dispute after McClain was terminated from employment with Genesis Networks Enterprises LLC. According to Dell, McClain has never worked for Dell.

8, 2013, and after an appeal of the order was likewise dismissed, the Texas Supreme Court dismissed McClain's petition for review in 2014. A petition for writ of mandamus was resolved against McClain in 2013.

In 2013, a Travis County Justice Court judge dismissed McClain's third suit against Dell. On December 4, 2014, McClain filed his fourth suit against Dell which resulted in the trial court granting an *Order on Dell's Motion for Sanctions, Motion to Dismiss, and Motion for Declaration that Plaintiff is a Vexatious Litigant* on February 3, 2015. McClain filed his *pro se* notice of appeal expressing "intent to appeal the trial court's judgment rendered on February 03, 2015."[2] The clerk's record and reporter's record have both been filed. Appellant's brief on the merits is due on or before June 10, 2015.

Currently pending before this Court are various motions and objections, the gist of which are difficult to decipher. Specifically, McClain has filed the following documents:

(1) Plaintiff's 1st Amended Motion for Injunctive Relief/Motion for Stay of Judgment (filed April 15, 2015),

(2) Appellant's Objection (the gist of which challenges the trial court's finding that he is a vexatious litigant) (filed April 15, 2015, and May 6, 2015),

(3) Plaintiff's 2nd Amended Motion to Vacate Judgment/Motion to Dismiss Judgment under Sec. 6 Freedom of Expression, The Citizens Participation Act T.R.C.P.C. CH. 27. Actions Involving Certain Constitutional Rights (three copies electronically filed May 6, 2015),

---

[2] The case was originally appealed to the Third Court of Appeals and then transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013).

(4) Relator's Motion for Mandatory Judicial Notice of Facts (filed May 6, 2015), and

(5) Plaintiff's 1st Amended Motion for Injunctive Relief/Motion for Stay of Judgment (filed May 6, 2015).

Included in McClain's filings is a proposed order that the justices of this Court issue a *Stay of Judgment*, a declaration that he is a victim of identity theft committed by Dell, damages in the amount of $837,000.00 plus a 5% employer contribution under his benefits plan, and attorney's fees of $6,000.00.

The Texas Constitution provides that courts of appeals shall "have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." *See* TEX. CONST. art. V, § 6. The Texas Rules of Appellate Procedure establish the procedural context within which we must exercise that jurisdiction. McClain has not directed this Court to any constitutional provision, statute, or procedural rule demonstrating this Court's authority to grant the relief being requested. After a careful review of the documents, we conclude McClain's pending motions and objection should be denied.

It is so ordered.

Per Curiam